CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 17, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY GENE HARLESS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00504 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LT. MCBRIDE, *et al.*, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Larry Gene Harless, Jr., a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against several employees of the Virginia Department of Corrections. (*See* Compl. [ECF No. 1].) Plaintiff did not pay the filing fee before filing his complaint and instead appears to be seeking leave to proceed with this action *in forma pauperis*.

Under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a civil action without prepayment of fees, even upon meeting the *in forma pauperis* requirements, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). From the court's review, Plaintiff has had more than three cases dismissed as frivolous, malicious, or for failure to state a claim while incarcerated, including:

(i) *Harless v. Andis*, Case No. 7:25-cv-00889 (W.D. Va.) (dismissed for failure to state a claim)

(ii) *Harless v. Cumbow, et al.*, Case No. 7:25-cv-00890 (W.D. Va.) (dismissed for failure to state a claim)

(iii) *Harless v. Rose*, *et al.*, Case No. 7:25-cv-00503 (W.D. Va.) (dismissed for failure to state a claim)

Because Plaintiff has three "strikes" under § 1915(g), he is only eligible to proceed without prepaying the filing fee if he demonstrates that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception to the three-strikes rule "allows a very narrow class of prisoner claims to bypass the 'three[-]strikes' rule." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 95 (4th Cir. 2020). Importantly, "the requisite imminent danger of serious physical injury must exist at the time the complaint [is filed] or the risk that the conduct complained of [must] threaten[] continuing or future injury . . . ." *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012). When a prisoner has three or more strikes and does not show imminent danger, he or she must pay the full filing fee to proceed with his or her claims. *See Green v. Young*, 454 F.3d 405, 407–08 (4th Cir. 2006).

Plaintiff's filings do not show that he is in imminent danger of serious physical harm. Plaintiff alleges that he has been reclassified to segregated housing, placed in an 8x14 foot cell, and placed under lockdown for 23 hours per day. (Compl. at 2.) Plaintiff further alleges that his cell is lit with fluorescent lights for 16 to 18 hours per day, that he has "limited" supplies to clean his cell, and that he no privacy while using the toilet in his cell. (*Id.* at 3.) These allegations do not suffice to show that Plaintiff is at risk of serious physical harm. *See Kinard v. Zook*, No. 7:25-cv-00939, 2026 WL 324649, at *2 (W.D. Va. Feb. 6, 2026) (allegations that plaintiff was subjected to extended lockdowns without notice or opportunity to appeal; only allowed short, cold showers; placed in cold and unsanitary cells that were "brightly lit at all times" causing prisoners to get sick, become sleep deprived, and have headaches; prohibited from outdoor exercise; not permitted adequate grooming or clean laundry; and restricted from

access to medical care insufficient to show imminent danger of serious physical injury); *Kelly v. Bush*, No. 1:12-cv-01245, 2012 WL 4017995, at *6 (M.D. Pa. July 2, 2012) (inmate's placement in restricted housing insufficient to show imminent danger of serious physical injury), *report and recommendation adopted*, 2012 WL 4017998 (M.D. Pa. Sept. 12, 2012); *Ball v. Allen*, No. 06-0496-CG-M, 2007 WL 484547, at *2–3 (S.D. Ala. Feb. 8, 2007) (allegations of no cleaning supplies for cells, clean clothes only twice per week, unsanitary showers, inadequate fire safety in cells, inadequate lighting, inadequate, unsanitary, and contaminated food and beverages insufficient to overcome the bar of § 1915(g)).

For these reasons, Plaintiff is not eligible for the exception to § 1915(g)'s three-strikes provision and cannot proceed with this action without paying the full filing fee. The court will therefore deny Plaintiff leave to proceed *in forma pauperis* and will order that he pay the full filing fee within 30 days to proceed with his claims in this action.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 17th day of August, 2026.

*<u>/s/ Thomas T. Cullen</u>*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE